992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert D. THROWER, Plaintiff-Appellant,
v.
Diana ZALESKI; George Emershaw; Phillip Korey; Stewart I.
Mandel; Lynn C. Slaby; Robert Bulford; John Doe; Medina
County Sheriff Department; Debra Shifrin; Akron Police
Department; Phillip Barnes, Akron Police Chief; Burza,
Police Chief; Max Rothal; Paul Mancino, Jr.; Mark
Everitt; Johnson; Johnson; Kolat Realty; Gregg Kolat;
William Bickett; Dave Kish; Bureau of Criminal I.D. &
Investigation; Blair Bycura; Summit County, Ohio Court of
Common Pleas; Village of Hinckley; Barbara Mushkat,
Defendants-Appellees.
 No. 92-3968.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Albert D. Thrower, a pro se Ohio prisoner, appeals the district court's order dismissing his amended civil complaint filed under 42 U.S.C. § 1983 and the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Thrower sued twenty-five municipal, state, and private defendants alleging that they conspired to deprive him of his Fourteenth Amendment right to due process of law and his First Amendment right of access to the courts. He additionally sought injunctive relief under the FOIA, seeking access to a wide range of documents allegedly relating to his finances and his state criminal trial. Thrower moved to voluntarily dismiss defendants Medina County Sheriff's Department, Medina Police Chief Burza, and the Village of Hinckley; the remaining defendants filed motions to dismiss. Because Thrower, a frequent litigant, is under a permanent injunction to refrain from filing lawsuits raising issues that have already been litigated, a magistrate judge issued a show cause order directing Thrower to show in writing why his suit was not in violation of this injunction. Thrower responded to the show cause order, and to one of the motions to dismiss. In an order filed on August 20, 1992, the district court granted the defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In concluding that Thrower's amended complaint failed to state a claim for which relief could be granted, the district court found that the FOIA pertained only to federal agencies, that Thrower's claim of conspiracy was wholly conclusory and unsupported by any material facts, and that he failed to allege a violation of a right protected by the federal constitution or statutes.
 
 
 3
 Thrower's timely appeal raises several alleged errors by the district court which can be summarized in two principal issues: (1) the district court erred by removing the case from the magistrate and dismissing it without notice and without affording him the opportunity to be heard or to present evidence; and (2) the district court erred by finding that his complaint failed to state a claim under § 1983 and in not expressly addressing his claim for injunctive relief.
 
 
 4
 Upon review, we affirm the district court's order because, when Thrower's amended complaint is construed in a light most favorable to him, he undoubtedly can prove no set of facts which would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Because Thrower's claims are meritless, he is obviously not entitled to injunctive or any other form of relief.
 
 
 5
 Thrower has no right to have his complaint initially considered by a magistrate judge. Moreover, he filed an amended complaint and responded to the show cause order and a motion to dismiss. Thrower, an experienced pro se litigant, had ample opportunity to be heard.
 
 
 6
 Accordingly, the district court's order, filed August 20, 1992, is affirmed for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.